IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

RUBEN DIAZ MUNGUIA,

        Plaintiff,

v.                                                                                          CIV 13-0487 KBM

CAROLYN W. COLVIN,
Acting Commissioner of Social Security,

        Defendant.


# MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court on Plaintiff's Motion to Reverse and Remand for a Rehearing, with Supporting Memorandum (*Doc. 16*), filed January 20, 2014.  Pursuant to 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73(b), the parties have consented to me serving as the presiding judge and entering final judgment.  *Doc. 8*.  Having reviewed the parties' submissions and the relevant law, the Court finds that the ALJ erred in determining Plaintiff's Residual Functional Capacity ("RFC") by failing to conduct the required function-by-function analysis.  Plaintiff's motion will therefore be granted and the case remanded for further proceedings.

**I.      Procedural History**

Plaintiff filed an initial application with the Social Security Administration for Title II benefits under the Social Security Act on January 22, 2009, with an alleged onset of disability beginning on January 8, 2009.  *AR* at 110-114.[1]  Plaintiff, who is now 61-years

---

[1] Documents 14-1 through 14-13 comprise the sealed Administrative Record ("*AR*").  The Court cites the Record's internal pagination, rather than the CM/ECF document number and page.

old, has a fifth-grade education from Mexico and does not read, write, or speak English. *Id.* at 36-37. He has past relevant work as a Machine Milker. *Id.* at 25. Plaintiff has alleged disability from diabetes mellitus, hypertension, and depression. *Id.* at 141. His disability claim was denied initially on March 27, 2009, and upon reconsideration on February 26, 2010. *Id.* at 57-58.

Administrative Law Judge Frederick Upshall, Jr. ("the ALJ") held a *de novo* hearing on January 24, 2011, at which attorney Hector Reyes represented Plaintiff. *Id.* at 18-26. On October 21, 2011, the ALJ issued his Decision, determining that Plaintiff was not disabled. *Id.* Plaintiff submitted a Request for Review of the ALJ's Decision to the Appeals Council; however, the Council declined this request on March 26, 2013. *Id.* at 1-8. As such, the ALJ's Decision became the final decision of the Commissioner. *Doyal v. Barnhart*, 331 F.3d 758, 459 (10th Cir. 2003).

A claimant seeking disability benefits must establish that he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. § 404.1505(a). The Commissioner is required to use a five-step sequential evaluation process to determine eligibility for benefits. 20 C.F.R. §§ 404.1520(a)(4) and 416.920(a)(4).

Here, at Step One of the sequential evaluation process, the ALJ found that Plaintiff had not engaged in substantial gainful activity during the relevant time period. *AR* at 20. At Step Two, the ALJ determined that Plaintiff had the severe impairments of diabetes mellitus, hypertension, obesity, and depression. *Id.* In contrast, the ALJ

concluded that Plaintiff's eye impairment and hearing deficit were not severe in nature. *Id.* At Step Three, the ALJ concluded that Plaintiff's impairments did not meet or medically equal the regulatory "listings." *Id.* At Step Four, he assessed Plaintiff's residual functional capacity ("RFC"), finding an RFC that allowed Plaintiff to perform "the full range of simple, unskilled medium work." *Id.* at 22. The ALJ also determined at Step Four that Plaintiff could perform his past relevant work as a Machine Milker - DOT # 410.685-010, both as it was actually performed and generally performed in the national economy. *Id.* at 25-26. Alternatively, the ALJ determined, at Step Five, that there are other jobs that exist in significant numbers in the national economy that the claimant can also perform. *Id.* at 26. Accordingly, the ALJ determined that Plaintiff was not disabled. *Id.*

Plaintiff alleges that the ALJ erred in three ways: 1) by reaching an RFC determination that was incomplete, conclusory, and unsupported by substantial evidence, 2) by making a past work finding that was incomplete and contained an incorrect RFC, and 3) by reaching an alternative Step-Five finding that is contrary to evidence and law. *Doc. 16* at 4.

## II.     Legal Standard

The general inquiry is whether the ALJ applied the correct legal standards and whether his decision is supported by substantial evidence. *Keyes-Zachary v. Astrue,* 695 F.3d 1156, 1161 (10th Cir. 2012). A deficiency in either area is grounds for remand. *Id.* Substantial evidence is more than a "mere scintilla." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). "It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* The Court may not

reweigh the evidence, substituting its own discretion for that of the Commissioner. *See Glass v. Shalala*, 43 F.3d 1392, 1395 (10th Cir. 1994).

### III. Analysis

An ALJ must determine a claimant's RFC at Step Four. *Winfrey v. Chater*, 92 F.3d 1017, 1017 (10th Cir. 1996). Here, Plaintiff alleges that the ALJ's RFC determination was flawed in a number of respects, including that it did not include a function-by-function analysis. Doc. 16 at 10. According to Social Security Ruling ("SSR") 96-8p, when assessing a person's RFC, an ALJ "must first identify [his] functional limitations or restrictions and assess his or her work-related abilities on a function-by-function basis," including his physical and mental abilities. SSR 96-8p, 1996 WL 374184 (referencing 20 C.F.R. § 404.1545).

Ruling 96-8p is clear that the ALJ may not simply express his RFC in terms of exertional categories, such as "sedentary," "light," "medium," or "heavy" work. *See id.* Rather, "[t]he RFC assessment must first identify the individual's functional limitations or restrictions and assess his or her work-related abilities on a function-by-function basis," including the "seven strength demands" of sitting, standing, walking, lifting, carrying, pushing, and pulling. *Id.* at *5. Ruling 96-8p directs that "[e]ach function must be considered separately (e.g., 'the individual can walk for 5 out of 8 hours and stand for 6 out of 8 hours'), even if the final RFC assessment will combine activities (e.g., 'walk/stand, lift/carry, push/pull')." *Id.* It also provides that the ALJ must "describe the maximum amount of each work-related activity the individual can perform based on the evidence available in the case record." *Id.* at *7. Finally, the Ruling emphasizes that it

is "especially important" for ALJs to consider a claimant's capacities separately when deciding if he can perform his past relevant work. *Id.* at *5.

Here, the ALJ found that Plaintiff could perform "the full range of simple, unskilled medium work as defined in 20 CFR 404.1567(c)." *AR* at 22. Medium work requires "lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds." 20 C.F.R. § 404.1567(c). Because medium work also encompasses the demands of light work, it requires "a good deal of walking or standing" or sitting with some pushing and pulling of arm or leg controls. *See* 20 C.F.R. § 404.1567(b). According to SSR 53-10, medium work "requires standing or walking, off and on, for a total of approximately 6 hours in an 8-hour workday." SSR 53-10, 1983 WL 31251, at *6.

Here, the ALJ discussed Plaintiff's subjective testimony as to his ability to walk, sit, lift, and carry. *AR* at 23 (recounting Plaintiff's testimony that he could walk for 30 minutes, sit for 30 to 60 minutes, and lift and carry 20 pounds). Notably, the ALJ determined that although Plaintiff's medically determinable impairments could reasonably be expected to cause his alleged symptoms, his testimony was not credible as to the intensity, persistence, and limiting effects of those symptoms. *Id.* at 23. As a result, the ALJ discounted Plaintiff's testimony as to his physical capabilities. To his credit, the ALJ engaged in a detailed and thorough credibility assessment in which he set forth the specific evidence upon which he relied and closely and affirmatively linked his credibility conclusion to the evidence.[2] *See id.* at 23-24. For instance, the ALJ

---

[2] An ALJ must "set forth the specific evidence he relies on in evaluating the claimant's credibility." *White v. Barnhart*, 287 F.3d 903, 909 (10th Cir. 2001). An ALJ's "findings as to credibility should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings." *Raymond v. Astrue*, 621 F.3d 1269, 1273 (10th Cir. 2009).

discussed specific inconsistencies in the record that reflected adversely on claimant's overall credibility. *See id.* at 24. Significantly, however, even a commendable credibility determination does not relieve the ALJ of the duty to perform a function-by-function analysis.

Plaintiff insists that he is unable to walk or stand for long periods of time due to his impairments, including pain in his knees, legs, feet, and lower back. *Id.* at 42, 47-49. The medical records document *reported* problems and pain that could affect Plaintiff's ability to walk and stand for long periods. *See e.g., id.* at 327 (Dr. Pastrana noting the diagnosis of diabetes mellitus type II, indicating that some symptoms are consistent with peripheral neuropathy, finding a limited range of motion in the lumbar spine, an inability to squat or to walk on heels or toes, varicose veins in the left leg, decreased sensation to touch on toes of both feet, and 1+ deep tendon reflexes); and 312-13, 316 (Dr. Armistead opining that Plaintiff is limited to standing and/or walking between 2 and 5 hours per day). Even though the ALJ discounted Plaintiff's subjective assessment of limitations on his ability to walk and stand, he was not relieved of his duty to discuss Plaintiff's maximum abilities with respect to the seven strength demands *before* determining that Plaintiff could perform medium work. While it is tempting for the Court to adopt authority from other circuits that would relieve the ALJ of the duty to perform a function-by-function analysis for any medical impairment that he does not find credible or supported by the record, the weight of authority from the Tenth Circuit, albeit in largely unpublished opinions, has steadfastly insisted upon a specific function-by-function analysis. *See, e.g., Southard v. Barnhart*, 72 Fed. App'x 782, 784 (10th Cir. 2003) (unpublished); *Alexander v. Barnhart*, 74 F. App'x 23, 28 (10th Cir. 2003)

(unpublished); *Lawton v. Barnhart*, 121 F. App'x 364, 374 (10th Cir. 2005) (unpublished); *Diggdon v. Apfel*, 189 F.3d 477, at *3 (10th Cir. 1999) (unpublished table decision).

Here, there is no discussion in the ALJ's RFC determination of the maximum amount of each physical function that Plaintiff can perform, nor is there any "narrative discussion describing how the evidence supports each conclusion. *See* SSR 96-8p, at *7. Most notably, the ALJ's RFC determination is devoid of specific and separate findings as to Plaintiff's ability to walk, stand, and lift. Moreover, the failure to perform a function-by function assessment may have caused the ALJ, at Step Five, to overlook limitations or abilities that would narrow or expand the types of work Plaintiff could perform. *See id.* at *4. As a result, the Court finds that remand is warranted in order for the ALJ to perform a proper function-by-function analysis, including assessment of the seventh strengths demands.

## IV.  Conclusion

For all of these reasons, the Court finds that remand is warranted. Because the Court remands on the basis discussed herein, it need not address Plaintiff's remaining claims of error. *See Wilson v. Barnhart*, 350 F.3d 1297, 1299 (10th Cir. 2003)

Wherefore,

**IT IS HEREBY ORDERED** that Plaintiff's motion to remand *(Doc. 16)* is **granted**. A final order of remand pursuant to Rule 58 of the Federal Rules of Civil Procedure will be entered.

_____
UNITED STATES CHIEF MAGISTRATE JUDGE
Presiding by Consent